**BALL MEMORIAL HOSPITAL, INC., et al., Plaintiffs-Appellants,**

v.

**MUTUAL HOSPITAL INSURANCE, INC., doing business as Blue Cross of Indiana, and Mutual Medical Insurance, Inc., doing business as Blue Shield of Indiana, Defendants-Appellees.**

No. 85–1481.

United States Court of Appeals, Seventh Circuit.

April 7, 1986.

Before FLAUM and EASTERBROOK, Circuit Judges, and WILL, Senior District Judge.*

* The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation.

## ORDER

Plaintiffs-appellants filed a suggestion of rehearing en banc (without a petition for rehearing) on March 18, 1986. No judge in regular active service has requested a vote on the suggestion of rehearing en banc. The suggestion of rehearing en banc is DENIED.

EASTERBROOK, Circuit Judge.

The plaintiff Hospitals have asked me to recuse myself, and this deserves a short answer even though no judge of the court has deemed this case appropriate for rehearing en banc.

At the beginning of the oral argument, I disclosed that I had been a consultant to the Blue Cross—Blue Shield Association in connection with litigation that was contemplated in Maryland. (It has since been commenced.) I stated to counsel that I saw no connection between the Maryland case and this case. The cases not only were geographically distinct but also had no overlap of subject matter. The Maryland case did not involve "preferred provider organizations;" this case involved nothing but; I had no knowledge of preferred provider organizations other than from reading the briefs and record in this case. I also disclosed that I followed a policy of not sitting on any case involving an organization to which I had given advice or performed services—even completely unrelated advice or services—within one year. The year was up for the Blues, and so I thought it appropriate to sit.

The opinion in this case was rendered approximately four months after argument. During those four months the Hospitals were silent. They asked me to recuse myself only after the case had been decided against them. This delay is unexplained, and it would disrupt the appellate process for judges to recuse themselves so late, after providing counsel in open court a statement of the basis of the concern they later displayed. As this court emphasized in *United States v. Murphy*, 768 F.2d 1518, 1536-41 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986), a judge has an obligation to reveal to the parties matters that may bear on the appearance of partiality, and the parties then must decide whether they deem these matters appropriate grounds to seek recusal. The burden of revelation was satisfied here, and the Hospitals were not entitled to see whether they would prevail before deciding whether they perceived partiality in the decisionmaker.

For what it is worth, I am confident that my participation in this case did not create an appearance of impropriety. For most judges, the time will come when he is assigned to hear a case involving former clients. I believe that one year's gap between the rendition of advice to a client and judicial service in a case involving that entity is sufficient, provided the cases are sufficiently distinct.

I believed at the time of oral argument, and still believe, that the Maryland case and this case have nothing in common. The Maryland case does not involve preferred provider organizations; this case involves only preferred provider organizations. The only thing that gives pause is the statement of the Hospitals that the Blues took the deposition of one person, Dr. Rufus Rorem, for use in both cases. This occurred in August 1985, long after my affiliation with the Maryland case had ended (and after the district court had rendered the judgment we reviewed). I have never heard of Dr. Rorem, and the Hospitals do not inform me what subjects were covered at his deposition. Many subjects, such as the internal organization of the Blues, might be "relevant" in both cases yet have no bearing on any appearance of partiality. Parties seeking the disqualification of a judge at such a late date have an obligation to establish with clarity the overlap in the subjects of the litigation. Because the Hospitals have not even hinted at the subject of Dr. Rorem's deposition, or otherwise suggested that there is any overlap in the subjects of the two cases, we are left with the bare fact that I once served as a consultant to one of the parties in this case. For the reasons I have given, I do

not believe that this creates an appearance of impropriety when the subjects of the litigation are so different. I therefore decline to recuse myself.